# EXHIBIT A

STATE OF SOUTH CAROLINA )   THE COURT OF COMMON
                          )   PLEAS
                          )
                          )   9TH  JUDICIAL CIRCUIT
COUNTY OF CHARLESTON )

MARK FULTZ )
                          )
        Plaintiff, )   FILE NO.  *2018·CP·10·1727*
      vs. )
                          )
BAMOZA, LLC. )   SUMMONS
                          )
        Defendant(s). )

TO THE DEFENDANT ABOVE-NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Camden, South Carolina

Dated: April 5, 2018.

S/Anthony Brady

Plaintiff/Attorney for Plaintiff

Address:    Anthony J. Brady Jr.
                 1670-9 Springdale Drive
                 PMB 159
                 Camden , South Carolina 29020
                 561-603-8387
                 Email: ladbrady@gmail.com
                 Attorney ID. 15506.

| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF CHARLESTON | ) | 9TH  JUDICIAL CIRCUIT |

| MARK FULTZ | ) CASE NO. |
|---|---|
| Plaintiff, | ) |
| vs. | ) Civil Action |
| | ) |
| BAMOZA LLC | ) COMPLAINT |
| | ) |
| Defendant(s). | ) |

Plaintiff, Mark Fultz residing at Apt. 106, NW Avenue, Margate, Florida.

by way of complaint against the Defendant states:

1.      This Honorable Court has jurisdiction in that it is a Court of general jurisdiction and

the Plaintiff has alleged a violation of federal law Title III of the Americans With Disabilities

Act, 42 U.S.C. § 12101, et seq.  Plaintiffs' claim is greater than $15,000.00 and venue is

proper in  Charleston  County because the cause of action arose in Charleston County and   that

Defendant resides in Charleston County.

**PARTIES**

2.      Plaintiff, Mark Fultz resides at Apt 106, 231 NW. 76 Avenue, Margate, Florida.

He is a disabled man because of a stroke. As a result he cannot walk without a cane

or a wheelchair. Fultz qualifies as an individual with disabilities as defined by the federal

Americans with Disabilities Act (ADA).

3.      The defendant's own, lease, leases to, or operates a place of public accommodation as

defined by the ADA .The property that is the subject of this suit is a strip mall commonly called East
Cooper Plaza Shopping Center. Said strip mall is located at 627 Johnnie Dobbs Blvd. Mt. Pleasant ,
Charleston County  South Carolina ,  South Carolina

### STATEMENT OF THE CASE.

This suit is a private action brought by a Plaintiff, who uses a wheelchair as a result of
, for injunctive relief under the federal American with Disabilities Act, 42 USC 12182.

It would be wise to review the purposes of the access laws.  First, the laws are about
opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our
history, our disabled citizens have not been provided the opportunity to participate in all phases
of society.  Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then,
embodies the conservative idea of opportunity." 136 Cong. Rec. H2631 (daily ed. May 22, 1990)
(Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America.  As former Attorney General
Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation
protecting persons with disabilities will have direct and tangible benefits for our country.
Certainly,...the mainstreaming of persons with disabilities will result...in more
persons with disabilities working, in increasing earnings, in less dependence on the Social Security
System for financial support, in increased spending on consumer goods, and increased tax revenues."
Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11,
1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans

With Disabilities Act will end this American apartheid.   It will roll back the unthinking and

unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off

from fair participation in our society by mindless biased attitudes and senseless physical barriers.

35 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity,

"Living independently and with dignity means opportunity to participate fully in every

activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

> privileges of any place of public accommodation.  The New Jersey Supreme Court's
> construction of the statutory definition of a "place of public
> accommodation" has given its statute a more expansive coverage than
> most state statutes.  In its "exercise of this high power" today, the Court
> does not accord this "courageous state" the respect it is due.  Boy
> Scouts of America v. Dale, 530 U.S. 640, 663-664 (2000).

Plaintiffs seek an award of injunctive relief attorney fees and costs as a private attorney

general. The Courts have explained the role of private enforcement of the access laws

The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it

may be indeed necessary and desirable for committed individuals to bring serial litigation

advocating the time when public accommodations will be compliant with the ADA", D'Lil v.

Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

In Walker v. Guiffre, 200 N.J. 124, 156 (2012) in awarding an enhancement in a state case

held, "Her obligation served not her sole interests, but the interests of any and all who had been

or who might otherwise in the future have been denied access to the premises.  The relief

sought, both because it was equitable in nature and because it was designed to serve a broad

social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

## FIRST COUNT

4.    Plaintiff is a frequent traveler to Charleston, South Carolina because his family resides in the area.

5.    On November 18, 2017 and other occasions Fultz was a patron at the Defendant's, strip mall.

6.    His ability to use the services of the mall was impaired because of lack of proper access to him and the disabled as a whole.

7.    Specially, the parking does not provide proper parking and routes for the disabled. In that Fultz is a wheelchair user it is more difficult for him to travel from point A to B, therefore he has been discriminated against under the ADA.

8.    The route from the parking to the front entrance does not have an accessible route.

9.. The above violations are violations of the federal ADA Title III.

10.The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

11.    The plaintiff intends to be a frequent patron of defendants, when it complies with the ADA. He will also return as a tester.

12.    Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

13.    Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore, plaintiff Fultz seeks:

a)  Injunctive relief under the ADA.

b)  Attorney fees and costs of suit under the ADA.

Date:   April 4, 2018.

By:   s/Anthony J. Brady, Jr.
ANTHONY J. BRADY, JR, ESQUIRE
South Carolina Bar No.15506
Law Office of Anthony Brady, Jr.
1670-9 Springdale Drive
PMB 159
Camden, South Carolina 29020
Email: ladbrady@gmail.com
561 603 6387